IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE, II,

    Petitioner,     No. 2:12-cv-0173 KJN P

    vs.

UNITED STATES DISTRICT COURT,     <u>ORDER AND</u>

    Respondent.     <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner, a former prisoner proceeding without counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record." <u>Id.</u>

1    In the instant petition, filed January 24, 2012, rather than challenging his
2 conviction, petitioner attempts to challenge an alleged delayed ruling on petitioner's prior habeas
3 petition filed in Houze v. State of California, 2:11-cv-1549 GEB GGH P.[1]
4    Habeas corpus is the exclusive remedy for a prisoner who is challenging the fact
5 or duration of his confinement and seeking immediate or speedier release.  Preiser v. Rodriguez,
6 411 U.S. 475, 488-90 (1973).  The instant petition does not challenge the fact or duration of
7 petitioner's confinement; indeed, it appears petitioner has been released from custody.
8 Accordingly, the petition should be denied for failure to state a cognizable habeas claim.  Rule 4,
9 Rules Governing Section 2254 Cases.
10    Moreover, on January 26, 2012, the assigned magistrate judge issued findings and
11 recommendations recommending that the habeas petition be denied.  Id., Dkt. No. 21.  On
12 February 15, 2012, the district court adopted the findings and recommendations, and the action
13 was terminated.[2]  Id., Dkt. No. 24.  Because the district court has issued its ruling on the petition
14 in 2:11-cv-1549, petitioner's allegations concerning a delayed ruling are moot.[3]
15 ////
16

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] In addition, on January 31, 2012, petitioner filed a third petition for writ of habeas corpus in Houze v. State of California, 2:12-cv-0251 LKK DAD P.  On March 2, 2012, the assigned magistrate judge issued findings and recommendations recommending that the third petition be dismissed without prejudice based on petitioner's failure to exhaust state court remedies.  Id., Dkt. No. 6.

[3] In any event, petitioner's reliance on Jones v. Shell, 572 F.2d 1278 (8th Cir. 1978), is unavailing.  First, this court is not bound by decisions from the Eighth Circuit.  Second, the fourteen month delay incurred in Jones exceeded the delay experienced by petitioner in Case No. 2:11-cv-1549.  Finally, the Eighth Circuit remanded the case to the district court in Jones, and the district court did not issue another order until four months later.  Id.  Here, on January 11, 2012, the Ninth Circuit denied petitioner's writ of mandamus without prejudice, the magistrate judge issued his findings and recommendations 15 days later, and judgment was entered on February 15, 2012.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Petitioner's application to proceed in forma pauperis be denied; and

2. This action be dismissed.  Rule 4, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

houz0173.156